UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARVIN JERELDS,

    Plaintiff,

v.    Case No. 3:05-cv-1034-J-25TEM

ISREAL BRANDTON,

    Defendant.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Marvin Jerelds, an inmate of Orange County Corrections in Orlando, Florida, who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on October 3, 2005, in the Orlando Division of this Court. The case was transferred to this division on October 12, 2005. Plaintiff names Isreal Brandton as the only Defendant in the action and claims that, on September 6, 2005, he slipped and fell while working at a workshop owned by Defendant Brandton. Specifically, Plaintiff alleges that Defendant Brandton operates a dangerous workshop and due to his negligence, Plaintiff fell on the wet floor. In addition, Plaintiff requests that this Court issue a temporary restraining order "to stop all business comeing [sic] out [of] this shop for 56 weeks," the time it takes to fix the holes in the roof, kill the asbestos and clean the entire workshop. Plaintiff's "Motion Notice of a Temporary Injunction to Enforce the

Modified of a New Roof and a Safer Worker Place and to Clean Out the Asbestos Disease" (Doc. #4) at 9.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

2

In any 42 U.S.C. § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and, (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. See Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

This Court is convinced, upon review of the Complaint, that it is frivolous since it appears that Plaintiff has little or no chance of success on a claim of federal constitutional deprivation. Here, Plaintiff has failed to show that the Defendant deprived him of any rights, privileges or immunities secured by the Constitution or laws of the United States. "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Rooney v. Watson, 101 F.3d 1378, 1380-81 (11th Cir. 1996) (stating that the alleged negligence does not transform a state tort claim into a constitutional deprivation), cert. denied, 522 U.S. 966 (1997); Cannon v. Taylor, 782 F.2d 947, 949-50 (11th Cir. 1986).

In the absence of a constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendant under section 1983. However, Plaintiff may still

3

pursue a cause of action in state court. See Rooney, 101 F.3d at 1381 n.1; Cannon, 782 F.2d at 950 (stating negligence actions "are grist for the state law mill"; they do not rise to the level of a constitutional deprivation). A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted).

Since Plaintiff's own allegations demonstrate that his claim sounds in mere negligence, this case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's "Motion Notice of a Temporary Injunction to Enforce the Modified of a New Roof and a Safer Worker Place and to Clean Out the Asbestos Disease" (Doc. #4) is **DENIED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE

sc 10/12
c: Marvin Jerelds